**Heping ZHANG, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14-72179

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

Filed August 3, 2016

Michael A. Rohr, Esquire, Attorney, Law Offices of Michael A. Rohr, West Covina, CA, for Petitioner

Janice Kay Redfern, Esquire, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Heping Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we review de novo due process contentions, *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Zhang's testimony and documentary evidence as to the date Chinese authorities allegedly demolished his home and as to his house address. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Zhang's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to consider Zhang's due process contention concerning corroboration because he did not exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.